Frances M. LITTLEFIELD, Plaintiff,

v.

CONTINENTAL CASUALTY CO. and Does I through V, inclusive, Defendants.

CONTINENTAL CASUALTY CO., Counter-Claimant,

v.

Frances M. LITTLEFIELD, Counter-Defendant.

No. CV 78–2969–AAH.

United States District Court, C. D. California.

Aug. 1, 1979.

Langfus & Langfus by Stanley A. Langfus, Hollywood, Cal., for plaintiff.

Bolton & Gelbard by Alvin E. Green, Jr., North Hollywood, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

HAUK, District Judge.

This matter came before the Court on April 23, 1979, on plaintiff's motions to amend the complaint by substituting two named individuals for two Doe defendants and plaintiff's motion to remand the cause back to state court. After hearing oral argument and after duly considering all papers, points and authorities and affidavits and exhibits in support thereof, submitted by both parties on the issues raised by these motions, the Court now files this memorandum opinion and orders the case remanded to state court in accordance with the following findings and conclusions.

## BACKGROUND

Plaintiff, Frances M. Littlefield, a former deputy probation officer with the County of Los Angeles, sued Continental Casualty Co. and Does I through V, inclusive, in Los Angeles Superior Court, Case No. C242548, on May 31, 1978 for an alleged breach of a disability insurance contract and alleged bad faith refusal to pay benefits due. Defendant, Continental Casualty Co., removed the action to this Court by a petition filed on August 1, 1978 at 12:21 p. m. Removal was based on 28 U.S.C. §§ 1332 and 1441(b) —Continental Casualty Co. is a citizen of Illinois, and Littlefield is a citizen of California, and the amount in controversy exceeds $10,000. Prior to the August 1st filing of the petition, Continental Casualty had obtained a stipulation from plaintiff's attorney extending the time for the filing of the removal petition to July 30, 1978. See Exhibits A & B, defendant's opposition filed April 16, 1979.

In support of her motion to remand, plaintiff argues that the removal was not timely filed pursuant to 28 U.S.C. § 1446(b) and that two of the fictitious defendants had been identified since the filing of the action as Robert Parker and Parker-Barrish Associates, alleged by plaintiff to be agents or employees of Continental Casualty Co., and also citizens of California. Concomitantly, plaintiff moves to amend the complaint by substituting their names in place of two Doe defendants.

Defendant, Continental Casualty Co., counters with the arguments that the July 10, 1978 stipulation (exhibit B to defendant's opposition) served to enlarge the time for filing a removal petition; that, in any event, plaintiff waived any late removal; that the Court has discretion to add or drop a party; and that when joinder of parties would destroy diversity jurisdiction, a Court should be reluctant to order joinder absent a finding that the parties seeking joinder are indispensible.

## DISCUSSION

This case presents the situation in which the Court must consider the effect of plaintiff's use of ficticious parties in the complaint upon the Court's removal diversity jurisdiction. Certain preliminary points are worth noting. Because federal courts are courts of limited jurisdiction, removal statutes should be strictly construed against removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The Court is similarly constrained by the bed-rock rule of diversity jurisdiction—there must be complete diversity between the parties. *See generally* 1A Moore's Federal Practice ¶ 0.161[1]. This is tested at the time of the filing of the removal petition. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Libhart v. Santa Monica Dairy Co., supra,* at 1065. The burden of showing that diversity lies with the party invoking the jurisdiction of federal court—in this case, the removing party. *Pullman Co. v. Jenkins, supra,* 305 U.S. at 540, 59 S.Ct. 347.

In this case, plaintiff, Littlefield, a citizen of California, seeks to destroy diversity by identifying the Doe defendants and showing that they are also citizens of California. "[T]he law regarding the destruction of diversity by identifying fictitious defendants revolves primarily around the degree of specificity with which the 'does' are charged in the complaint at the time of removal." *Asher v. Pacific Power and Light Co.,* 249 F.Supp. 671, 675 (N.D.Cal. 1965); *see also Herrera v. Exxon Corp.: Exxon Co., U. S. A.,* 430 F.Supp. 1215 (N.D. Cal.1977). "If an examination of the allegations in the complaint reveals them to be so general that they give *no clue* as to whom they pertain, then the parties sought to be joined under these allegations should be disregarded for the purpose of determining diversity jurisdiction." (emphasis added) *Asher v. Pacific Power and Light Co., supra,* at 676. This Court concludes as a matter of law that paragraph 3 of the complaint[1] adequately identifies the Doe defendants and the rest of the complaint puts Continental Casualty Co. on notice of alleged breaches of duties by the Does. Although the Court, if it were drafting the complaint, would have identified the Doe defendants with greater particularity, they are sufficiently identified for the company to determine who they are. The burden, therefore, falls on Continental Casualty to show that the Doe defendants are not citizens of California. *See Herrera v. Exxon Corp.: Exxon Co., U. S. A., supra,* at 1220. Cases in which the citizenship of the Doe defendants was disregarded are distinguishable on their facts. In *Asher,* the Doe defendants were merely named in the caption of the case and then referred to generally as "defendants" throughout the rest of the case. Such is also the situation with *Herrera* and *Thiel v. Southern Pacific Co.,* 126 F.2d 710 (9th Cir. 1942).

1. Paragraph 3 states that: "At all material times, each of the fictitious defendants was the agent or employee of defendant CONTINENTAL and was acting within the purpose and scope of his agency or employment, and whose acts and conduct alleged herein were known to, authorized and ratified by defendant CONTINENTAL."

Fictitious parties who are adequately identified are used to test diversity at the time of removal because, while unknown, they are nonetheless "real." Having concluded that the Doe defendants in this case are actual parties whose names were unknown at the time of filing, the motion to remand should be granted because it appears from plaintiff's moving papers that Doe I is Robert Parker and Doe II is Parker-Barrish Associates, both of which are alleged to be California citizens. Continental Casualty does not challenge that allegation. Similarly, plaintiff's motion to amend the complaint by substituting those names for the Does should be granted. This amendment does not destroy diversity, for it never existed. The amendment merely clarifies who the action is being brought against.

■ There are additional reasons why remand is required. A removing party must file the removal petition within thirty days of receipt of the pleadings or summons. 28 U.S.C. § 1446(b).[2] Accepting Continental Casualty's statements as true, service was made sometime between June 15, 1978 and June 30, 1978.[3] The stipulation between the parties' attorneys to extend the time for Continental Casualty to respond to the complaint was not effective in and of itself to extend the deadline for removal, unless the Court were willing to construe it as a waiver by the plaintiff. *See Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407–08 (C.D.Cal.1972). Assuming arguendo that the Court should construe plaintiff's agreement as such a waiver, the removal petition still is untimely because it was filed on August 1, 1978 at 12:21 p. m.

■ As for Continental Casualty's argument that plaintiff has waived the late filing by the delay from August 1978 to April 1979 when the remand motion was filed, and again accepting Continental Casualty's statement of the facts in a light most favorable to it, no such waiver took place because the two stipulations signed by both counsel to continue the pretrial conference, subsequently approved and filed by the Court on October 26, 1978, and January 11, 1979, specifically referred to plaintiff's intention to file a remand motion. The second continuance filed January 11, 1979 did state that the remand motion, which was filed April 6, 1979, would be filed no later than January 15, 1979, but Continental Casualty Company has not been able to show any prejudice resulting from this 2½ month delay. Nor has defendant been able to show any affirmative action on the part of the plaintiff in that time frame which would constitute a waiver, other than this minimal delay itself.

### ORDER

For the above reasons, the Court grants the motion to amend the complaint by substituting the names of Robert Parker and Parker-Barrish Associates in place of Does I and II of said complaint and also grants the motion to remand; therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said substitution of names be effective immediately; that said action be remanded forthwith to the Superior Court of Los Angeles County; and that a certified copy of this Order be mailed forthwith by the Clerk of this Court to the Clerk of the Superior Court of Los Angeles County.

**2.** "The petition for removal of a civil action or proceeding *shall be filed* within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (*emphasis added*).

**3.** While no actual date of receipt is alleged, Continental Casualty would appear to have had little reason to request an extension of time to July 30, 1978, unless the thirty day period would have run some time prior to that July 30th date, which in turn means that service must have been effected by at least June 30, 1978.