Lisa P. GOLDBERG, a resident of the City and County of San Francisco, State of California, the Essential Ingredient, a California partnership; Black Kettle, Ltd., a California limited partnership; on behalf of themselves and all others similarly situated, Plaintiffs,

v.

CPC INTERNATIONAL, INC., a corporation; A. E. Staley Manufacturing Company, a corporation; Standard Brands, Inc., a corporation; American Maize-Products Company, a corporation; The Hubinger Company, a corporation; National Starch and Chemical Corporation, a corporation; Penick & Ford, Ltd., a corporation; Anheuser-Busch, Inc., a corporation and DOES 1 through 100, inclusive, Defendants.

No. C-80-1677-WWS.

United States District Court, N. D. California.

Aug. 13, 1980.

Ronald Lovitt, J. Thomas Hannan, Lovitt & Hannan, Inc., Mark F. Anderson, E. Craig Moody, Nancy A. Nugent, Niesar, Moody, Hill, Massey & Kregstein, San Francisco, Cal., Robert L. Palmer, Martori, Meyer, Hendricks & Victor, P. C., Phoenix, Ariz., for plaintiffs.

George R. Poehner, Coke & Coke, Dallas, Tex., for Standard Brands, Inc.

Donald G. McCabe, Hall, McNicol, Hamilton & Clark, New York City, for American-Maize Products Co.

Morton M. Maneker, Proskauer, Rose, Goetz & Mendelson, New York City, for A. E. Staley Manufacturing Co.

Dennis McInerney, Cahill, Gordon & Reindel, New York City, for CPC International, Inc.

James R. Irwin, Shidler, McBroom, Gates & Baldwin, Seattle, Wash., for Penick & Ford, Ltd.

Joseph Barbash, DeBevoise, Plimpton, Lyson & Gates, New York City, for National Starch & Chemical Corp.

Harold F. Baker, Terrence C. Sheehy, Peter E. Moll, Howrey & Simon, Washington, D. C., Timothy E. Carr, San Francisco, Cal., for Anheuser-Busch, Inc.

William Simon, Keith E. Pugh, Jr., Edward P. Henneberry, Kevin P. McEnery, Howrey & Simon, Washington, D. C., William G. Taffe, H. J. Heinz Co., Pittsburgh, Pa., Robert Campbell, San Francisco, Cal., for The Hubinger Co.

## MEMORANDUM OF OPINION AND ORDER OF REMAND

WILLIAM W SCHWARZER, District Judge.

Plaintiffs filed a class action in the California state court, alleging violations of the Cartwright Act, Cal.Bus. & Prof.Code §§ 16700, *et seq.*, and other common law torts. The substance of the allegations is that defendants engaged in price fixing and other conduct tending to stabilize prices. Named as defendants were eight corporations engaged in the production and sale of products containing corn derivatives. In addition plaintiffs named Does 1 through 100 as defendants. The allegations with respect to the Doe defendants are as follows:

17. DOES 1–50 are residents of California and officers and employees of defendants and entities owned or controlled by defendants. DOES 1–25 participated in the concerted activity which is the subject of this action by entering into agreements to restrain trade as alleged herein. Certain of DOES 1–25 had authority to set prices on behalf of their employers. DOES 26–50 reported and transmitted prices and bids to and from defendants or entities owned or controlled by defendants directly or indirectly through third parties or central agencies or institutes.

18. DOES 51–75 are institutes, central agencies, private individuals, partnerships and corporations who participated in the concerted activity which is the subject matter of this action. DOES 51–75 exchanged, distributed or relayed among defendants and entities owned or controlled by defendants current prices, prices charged particular customers, or information concerning sales or shipments of corn derivatives as alleged in paragraph 24(e)(iii) and (iv). Certain of DOES 51–75 are institutes, central agencies, corporations or partnerships and are organized and in good standing under the laws of the State of California with their principal place of business in the State of California. Certain of DOES 51–75 are private individuals and are residents of the State of California.

19. DOES 76–100 participated in the conspiracy alleged herein in ways which

are unknown to plaintiffs at this time. DOES 76–100 may or may not be residents of the State of California.

20. Except as described herein, plaintiffs are as yet ignorant of the true names, capacities and nature and extent of participation in the alleged conspiracy of defendants sued as DOES 1 through 100, inclusive, and therefore sues [sic] these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

■ Defendants filed a timely removal petition based on diversity of citizenship and federal question jurisdiction.[1] Plaintiffs have moved to remand.

This motion raises the persistently perplexing problem of how to treat Doe or fictitious defendants for purposes of diversity jurisdiction. Complete diversity exists between plaintiffs and the named defendants. Some of the Does, however, are alleged to be residents of or entities organized under the laws of California. If they are treated as parties, diversity of citizenship is destroyed.

■ On a motion to remand the removing party bears the burden of proof on the issue of diversity. *Carson v. Dunham,* 121 U.S. 421, 425–26, 7 S.Ct. 1030, 1031–1032, 30 L.Ed. 992 (1887); *P. P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546 (7th Cir. 1968). It is incumbent on the party opposing remand to show that the removed action is wholly between citizens of different states. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939).

Defendants submitted affidavits stating that none of their employees with pricing authority are residents of California. The Doe allegations are much broader, however,

than the scope of these affidavits. They state that officers and employees of defendants who are residents of California, only some of whom had pricing authority, participated in the alleged concerted activity to restrain trade. Further they state that certain corporations, partnerships and other entities organized under California law participated in the concerted activity.

It appears from the record before the Court that defendants conducted substantial activities in California. In fact, a grand jury investigation into defendants' activities is presently under way in California. In addition, at least one California broker fitting a Doe description has been identified. Under those circumstances, it cannot be said that defendants have sustained their burden of proving that complete diversity of citizenship exists between plaintiffs and the named and fictitious defendants.

■ Defendants' principal contention is that the Doe defendants were joined solely to destroy diversity and must be disregarded, relying on *Herrera v. Exxon Corp.,* 430 F.Supp. 1215 (N.D.Cal.1977). Doe defendants, however, are not automatically disregarded for jurisdictional purposes. *See Pullman Co. v. Jenkins, supra;* Wright, Miller, Cooper, Federal Practice and Procedure § 3642 (1976). But the circumstances under which they are or are not disregarded unfortunately remain shrouded in mystery and confusion. In large part this situation is the consequence of the time limit imposed on petitions for removal by 28 U.S.C. § 1446(b) (and its precursors), requiring the petition to be filed within thirty days of receipt of the initial pleading or other paper "from which it may first be ascertained that the case is one which is or has become removable."[2] A failure to remove a case

---

1. Defendants do not press the federal question claim. Inasmuch as the action seeks only relief on behalf of indirect purchasers under the Cartwright Act, it is clear that no federal question jurisdiction exists. *California v. California & Hawaiian Sugar Co.,* 588 F.2d 1270 (9th Cir. 1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979).

2. That section states:

 The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such ini-

when first filed results in a loss of the right to remove later unless it is determined that it was not then removable. Federal Practice and Procedure, *supra*, § 3732 at 729–30. The ironic consequence is that a liberal policy toward removal at a later stage in the action compels taking a narrow view of federal jurisdiction over the complaint as initially filed, and vice versa. *See Herrera v. Exxon Corp., supra.* In the case of Doe allegations, permitting removal upon a later abandonment or severance of the claims against Does necessarily presupposes that the Doe allegations on their face were sufficient to destroy diversity.[3]

The Ninth Circuit sought to come to grips with this problem most recently in *Preaseau v. Prudential Insurance Co. of America*, 591 F.2d 74 (9th Cir. 1979). Plaintiff had brought suit to recover benefits under an insurance policy, naming two insurers and Does I through X. It appears from the opinion that the Does were not identified or described, their citizenship was not alleged, and no specific charging allegations were directed at them. When, at the start of the trial, the fictitious defendants were dismissed by plaintiff, defendant filed a removal petition. The district court denied the motion to remand and the court of appeals affirmed, saying:

> . . . a defendant's petition for removal is timely when made immediately after fictitious defendants are no longer part of the action and therefore can no longer destroy the required diversity. *See Self v. General Motors Corp.*, 588 F.2d 655, 659 & n.5 (9th Cir. 1978). In the present case, as in *Haight*, Prudential sought removal as soon as the Doe defendants were no longer part of the action, here because of dismissal. *Haight* thus compels the conclusion that Prudential's petition was timely.

In *Southern Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir.), *cert. denied*, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942), the complaint by a California plaintiff named as defendants Southern Pacific Company "and two fictitiously named operating employees of the company who are alleged to be residents of California." 126 F.2d at 902. It charged the company with negligent maintenance and operation of an intersection and the employees with negligent failure to warn. When the case was called for trial, plaintiff's counsel announced that he was ready to proceed, without having served the fictitious defendants. The court held that the petition for removal which was thereupon filed was timely in that "it was . . . not until the plaintiff took some affirmative action to sever the cause of action [against the nonresident defendant] that the right to remove the cause arose." 126 F.2d at 905. The court necessarily assumed therefore, although without discussion, that the naming of the fictitious resident defendants without more had destroyed diversity.

tial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

3. That is not to say that a defendant may not petition to remove a complaint naming Does promptly upon receipt. He may assert in his petition that the Does are wholly sham and that plaintiff lacks both a basis and the intention to proceed against them. If he sustains his burden, that is the end of the matter.

If, on motion to remand, the court finds, however, that defendant has failed to sustain his burden of establishing diversity, the case will be remanded, necessarily without prejudice to defendant's right to remove again later should subsequent developments warrant filing a petition. *See Herrera v. Exxon Corp., supra; George v. Al-Saud*, 478 F.Supp. 773 (N.D.Cal. 1979); *Fred Olsen & Co. v. Moore*, 162 F.Supp. 82, 83–84 (N.D.Cal.1958).

The fact that defendant has the option to attack the sufficiency of the Doe allegations does not support a conclusion that those allegations may be disregarded for jurisdictional purposes. As the subsequent discussion shows, the cases holding a petition to remove an action with Doe allegations to be timely, although filed later in the action, necessarily hold that the case stated in the initial pleading naming Does was not removable.

*Haight* was followed in *Grigg v. Southern Pacific Co.*, 246 F.2d 613 (9th Cir. 1957). There the complaint named the company, one H. L. Coon and First to Sixth Does, and charged the defendants collectively with negligently allowing horses and mules to stray on the highway. There were no specific charging allegations against the Does. Plaintiff as well as Coon and the Does were alleged to be California residents. Neither Coon nor the Does had been served at the commencement of trial. Plaintiff dismissed Coon. The company then removed and the motion to remand was denied. The court of appeals affirmed, saying:

> Grigg's position is weaker than Haight's. We suggest not that Grigg deceived or attempted to deceive. But legally his Does were a sham. *He never attempted to identify or charge a Doe until he found he was in trouble—his case was going to a court where he preferred not to go. This was too late.* In extremis, but in candor, he prayed for time in which he could go out and find a Doe. Perhaps these Does have some proper place under California state practice. But it is hard to believe they serve any purpose when they are included superstitiously and without reason. Certainly their phantoms, when Does live not and are accused of nothing, should not divert the course of justice. What we say here is another phase, the other side of the coin, of what we have said in *Molnar v. National Broadcasting Co.*, 9 Cir., 231 F.2d 684 and *Roth v. Davis*, 9 Cir., 231 F.2d 681. (246 F.2d at 620; emphasis added).[4]

For the removal petition to have been timely, the Court necessarily had to view the Does as destroying diversity until plaintiff went to trial against the remaining named defendant only.

 It follows from the *Haight, Grigg* and *Preaseau* line of cases that a complaint containing Doe allegations is on its face a pleading which is not removable, regardless of the specificity of the description of or of the charges against the Does. It may of course become removable either by proof that the Doe allegations are sham or by subsequent dismissal or abandonment of the claim against the Does.[5] But, as *Preaseau* makes clear, the removability of such a pleading does not turn on "the degree of identification of Does." 591 F.2d at 77 n.2.[6] In reaching this conclusion, the court relied not only on the authority of *Haight* and *Grigg* but on two policy considerations:

(1) A defendant's right to remove a diversity case to federal court should not turn on whether he guessed right as to the degree of identification in the complaint;

(2) A plaintiff has no ground for complaint about the delay generated by a later removal because he has control over the naming as well as the dismissal of Does.

 There can therefore be no question but that the Doe allegations in the instant complaint are sufficient to destroy citizenship at this stage of the proceeding, unless they can be said to be sham or fraud-

---

**4.** The *Grigg* court specifically held that the situation before it was controlled by *Haight*, and thus, the language quoted above can be viewed as *dictum*. The status or description of the Does was irrelevant to the extent plaintiff had effectively severed the case against the named defendants from the fictitious ones by beginning trial without service on the latter. *See Preaseau, supra,* 591 F.2d at 77-78 n.2; *see also* discussion at p. 239, *infra*.

**5.** Inasmuch as the claims against all defendants arise from an interrelated series of transactions, no question is presented whether the claim against the named nonresident defendants is a separate and independent claim re-

movable under 28 U.S.C. § 1441(c). *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir. 1969).

**6.** *Preaseau* appears implicitly to overrule *Thiel v. Southern Pac. Co.*, 126 F.2d 710 (9th Cir. 1942), upholding the district court's refusal to remand on the ground that Doe defendants, listed only in the caption of the action, were insufficiently charged or identified. *Thiel* was not cited in *Preaseau, Haight* or *Grigg* nor has it been noted in other decisions of the Court of Appeals on this issue.

ulent.[7] The *Preaseau* court specifically set aside the case of "sham" or "phantom" Does. 591 F.2d at 78 n.2. Defendants argue that this is such a case, contending that the Doe defendants are included solely to destroy diversity.

◼ A removing defendant who contends that plaintiff has fraudulently joined parties to destroy diversity must show supporting facts in his petition apart from personal deductions and has the burden of sustaining the contention. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Smith v. Southern Pacific Co.*, 187 F.2d 397, 400 (9th Cir.) *cert. denied*, 342 U.S. 823, 72 S.Ct. 42, 96 L.Ed. 632 (1951). Courts have found joinder to be fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against that defendant or seek a joint judgment. *Wilson v. Republic Iron & Steel Co., supra*, 257 U.S. at 98, 42 S.Ct. at 37; *Chicago, Rock Island & Pacific Railway Co. v. Schwyhart*, 227 U.S. 184, 194, 33 S.Ct. 250, 251, 57 L.Ed. 473 (1913); *cf., Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975). No such showing has been made here.

◼ That a defendant is fictitious in the sense that he has not been identified is, however, insufficient to sustain a contention of fraudulent joinder. The very purpose of Doe defendants is to enable a plaintiff to name parties who at the time of filing cannot be identified. It is immaterial that plaintiff may have been motivated by a purpose to defeat removal: "in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined." *Mecom v. Fitzsimmons Drilling Co., Inc.*, 284 U.S. 183, 189, 52 S.Ct. 84, 87, 76 L.Ed. 233 (1931).

◼ Thus, the language of the court in *Grigg* on which defendants rely, referring to Does as sham and phantoms which should be disregarded, must be read in context. The court's conclusion as to the status of those Doe defendants was reached when plaintiff began the trial without having identified or served any of the Does. At that point, but not before, plaintiff had made it clear that the Does were then mere phantoms, *i.e.*, parties against whom he asserted no claim and from he could not conceivably recover.[8] Defendants here have failed to make a showing that the Doe defendants are sham or fraudulently joined. Moreover, the undisputed facts pointing toward substantial relevant activity by California residents militate against such a finding here.

◼ Finally defendants argue that McKeaney-Flavell, a California broker identified as fitting the description of one of the classes of Does, must be disregarded because Cal.Civ.Proc.Code § 474 requires that a plaintiff must have been ignorant of the

---

**7.** It is essential in treating fictitious parties to distinguish between cases involving removal jurisdiction and those involving original jurisdiction. Inasmuch as the Federal Rules of Civil Procedure and federal practice make no provision for naming fictitious parties, the courts have placed the burden on plaintiff asserting federal jurisdiction to identify those parties sufficiently so as to establish their citizenship. *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir. 1956); *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190–91 (9th Cir. 1970); Federal Practice and Procedure, *supra*, § 3642 at 123–25. The burden of establishing jurisdiction shifts, however, when an action is removed from a state court where Doe pleading is permissible. It is then incumbent on the removing defendant to show that the presence of fictitious defendants does not defeat diversity. *See, e. g., Littlefield v.*

*Continental Casualty Co.*, 475 F.Supp. 887 (C.D.Cal.1979); *Glucksman v. CBS*, 219 F.Supp. 767 (S.D.Cal.1963).

**8.** See note 4 *supra*. *Compare* Federal Practice and Procedure, *supra*, § 3642 at 126–27 (erroneously implying that *Grigg* is a fraudulent joinder case). Fraudulent joinder may be established when for example it is shown that none other than the named defendants could possibly be liable, *Asher v. Pacific Power and Light Co.*, 249 F.Supp. 671, 676–77 (N.D.Cal. 1965), or where plaintiff had no intention to recover a joint judgment against the resident defendant. *See Parks v. New York Times Company*, 308 F.2d 474, 477 (5th Cir. 1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

name of a party in order to be entitled later to substitute him as a Doe. Even if the argument had merit, it would be irrelevant here because, for the reasons stated, the Doe allegations on their face are sufficient to preclude removal. In any event, the rather wooden construction of section 474 urged by defendants has been rejected by the California courts. A plaintiff may sue as a Doe defendant any person, even if he knew his name and the relevant facts, if at the time of filing he was unaware that he had a claim against him. *Munoz v. Purdy*, 91 Cal.App.3d 942, 154 Cal.Rptr. 472 (1979). Nothing before the Court indicates that plaintiffs were not entitled to resort to the section 474 procedure.[9]

For the reasons stated, the Court concludes that complete diversity of citizenship has not been shown to exist. The action must therefore be remanded to the Superior Court in and for the City and County of San Francisco. 28 U.S.C. § 1447(c). It is unnecessary to address other issues raised.

IT IS SO ORDERED.

---

**9.** Even if this were not the case, presumably only the defendant sued as a Doe has standing to complain since the restrictions on the Doe procedure are intended to preserve the benefits for defendants of statutes of limitations. *See Munoz v. Purdy, supra,* 154 Cal.Rptr. at 474–75.