[Civ. No. 58459. Second Dist., Div. Four. July 10, 1981.]

DONNA L. MILLER, Plaintiff and Appellant, v.
JERRY PATRICK THOMAS, Defendant and Respondent.

**Counsel**

Frank M. Moore for Plaintiff and Appellant.

Hill, Genson, Even, Crandall & Wade and William R. Lowe for Defendant and Respondent.

OPINION

**FILES, P. J.**—The critical issue in this appeal is whether a person who is knowingly omitted from a complaint may be joined as a fictitiously named party after the statute of limitations has run. We conclude that under the circumstances of this case the answer is negative and that the trial court correctly dismissed the action as to that party.

This appeal is from a summary judgment rendered in favor of defendant Jerry Patrick Thomas against plaintiff and appellant Donna L. Miller. The facts material to the decision here are not in dispute.

The action arose out of an automobile accident which occurred May 30, 1975, at approximately 4 a.m. on a highway in Los Angeles County. Plaintiff Miller was driving an automobile which was struck from the right side by an automobile driven by defendant Thomas. After the collision plaintiff remained seated in her vehicle and Thomas approached on the driver's side. He identified himself as an undercover narcotics officer for the Los Angeles City Police Department and stated that the vehicle which he was driving was an unmarked police vehicle. The parties exchanged drivers' license numbers. Plaintiff also spoke with Thomas by telephone the day following the accident.

In late July 1975, plaintiff retained an attorney to represent her with respect to the collision. She informed him that defendant Thomas was the driver of the other vehicle and that Thomas was an undercover narcotics officer for the City of Los Angeles.

On February 23, 1976, plaintiff's attorney filed a complaint in the Los Cerritos Municipal Court naming as defendants the City of Los Angeles and "Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7 and Does 8 through 50, inclusive," who were alleged to be "unknown to plaintiff, who therefore sues said defendants by such fictitious names." The complaint further alleged that plaintiff was informed and believed that "each of the defendants designated herein as a Doe is negligently, tortiously and unlawfully responsible in some manner for the events and happenings herein and referred to, and negligently, tortiously and unlawfully proximately caused injury and damages thereby to the plaintiff as herein alleged." In another paragraph of the complaint, plaintiff also alleged: "At all times mentioned herein, the defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times herein acting within the purpose and scope

of said agency and employment." In general terms the complaint alleged concurrent acts of negligence on the part of all defendants, proximately causing injuries and damages to plaintiff.

On April 28, 1976, the only named defendant, City of Los Angeles, filed an answer to plaintiff's complaint denying, among other things, the agency allegations for lack of sufficient information. The answer also contained the following statement: "In setting forth the foregoing affirmative [*sic*] defenses, the defendant City of Los Angeles neither admits nor denies that Jerry Thomas was acting within the course and scope of his employment at the time and place specified in plaintiff's complaint. . . . "

In October 1976, plaintiff substituted another attorney, who filed an amended complaint seeking damages greatly in excess of those originally alleged, taking the matter out of the jurisdiction of the municipal court. However, the allegations concerning the Does remained in the same form as in the original complaint, and the City of Los Angeles continued as the only named defendant.

About May 1, 1978, plaintiff substituted a third attorney, who on May 18, 1978, propounded interrogatories to the city, to which the city responded that it contended that at the time and place of the accident Thomas was outside the course and scope of his employment.

On August 24, 1978, plaintiff's attorney amended the complaint, naming Jerry Patrick Thomas as Doe I. Summons and complaint were served on Thomas, who filed his answer on October 30, 1978. As an affirmative defense, Thomas alleged that the action was barred by Code of Civil Procedure, section 340, subdivision 3, i.e., the one-year statute of limitations.

Defendant then moved for summary judgment on the ground that as to him the action was barred by the one-year statute, in that the accident had occured on May 30, 1975, and that the action had not commenced against him until the complaint was amended on August 24, 1978.

Defendant relied primarily upon plaintiff's responses to requests for admissions to establish the facts. In opposition to the motion, plaintiff and her three attorneys filed declarations to explain the delay.

Plaintiff's declaration stated that although her first two attorneys had informed her that the City of Los Angeles, as Thomas' employer, was liable for her injuries and damages, neither of them told her that she had a cause of action against Thomas. She stated that she was not informed that she could make a claim directly against Thomas until sometime late in June 1978, and, "...although I knew the identity of Jerry Patrick Thomas, I did not know he could be liable for my injuries and damages, since I was led to believe that his employer, the City of Los Angeles, was ultimately liable for his actions. Consequently, I never had knowledge of the facts giving rise to a cause of action that I may have had, or now have against said Jerry Patrick Thomas, at the time my complaint was filed."

Plaintiff's first attorney declared as follows: "I further declare that at the time said lawsuit was filed, it was my opinion, based upon the information provided me, that the driver of the police vehicle was, in fact, in the course and scope of his employment at the time of this accident, and, therefore, the recourse of our client would be against the City of Los Angeles. Under the circumstances, the driver's name was never specifically mentioned in the moving papers and the Complaint was drawn on the basis that the driver was an agent of the City of Los Angeles at the time of this accident. This office was never made aware of the fact that the City of Los Angeles was contending that the driver was not in the course and scope of his employment at the time of the accident. Under the circumstances, we feel that the filing of the Complaint against the City of Los Angeles was proper and no amendment was made thereafter because of the lack of knowledge on our part regarding the contention that the driver was not within the course and scope of his employment."

Section 474 of the Code of Civil Procedure, which authorizes use of fictitious names, provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly;..."

■ This section has been liberally construed by the courts. The words "ignorant of the name of a defendant" are construed broadly to include other kinds of ignorance which explain the failure to name a person as a defendant until sometime later. Even a person whose identi-

ty was known to the plaintiff when the action was filed may be brought in under section 474 as a "Doe" defendant if the plaintiff was initially unaware of that person's true relationship to the injuries upon which the action was based (*Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]); or if a change in law has indicated that persons not originally joined might also be held liable. (*Marasco v. Wadsworth* (1978) 21 Cal.3d 82 [145 Cal.Rptr. 843, 578 P.2d 90].) But in each of the cases allowing late joinder of known persons under section 474, there has been some showing that at the time the original complaint was filed the plaintiff was ignorant of something having a bearing upon the liability of the newly summoned party. (See *Munoz v. Purdy* (1979) 91 Cal.App.3d 942 [154 Cal.Rptr. 472].)

Here the action sought damages for negligent "entrusting, permitting, managing, maintaining, servicing, repairing, inspecting, operating, and driving" a motor vehicle. ■ Plaintiff concedes that within minutes after the accident, she knew that Thomas was the operator of the vehicle which had collided with hers, and that she so informed the attorney whom she employed in July 1975.

This attorney, who drafted and signed the complaint, does not deny that he knew Thomas was the operator of the vehicle which struck his client. He does not—and, of course, could not—say that he did not know that Thomas was legally responsible for his allegedly negligent driving. The attorney's emphasis on his belief that the city could be held liable is no more than an affirmation of his tactical choice, i.e., to proceed against the city only. The attorney's declaration can only be read as an admission that he had purposefully elected not to join Thomas as a defendant.

Plaintiff's declaration that "I did not know [Thomas] could be liable for my injuries..." is of no consequence because her attorney, who prepared and signed the complaint, was fully informed.

The attorney's declaration that he "was never made aware" of the course and scope issue has no materiality in the context of this case. If his legal education was not sufficient to inform him that this was a potential issue, he was put on notice by the city's answer, filed more than a month before the statute of limitations had expired.

Although the city's answer was irregular in style, it showed unambiguously that the city was not admitting that Thomas had been acting within the course and scope of his employment when the alleged accident occurred.

It is not contended that the attorney who drafted and signed the complaint or either of his successors ever learned anything about Thomas which that attorney did not know when he drafted the original complaint. What plaintiff and her attorneys claim to have learned after the original complaint was filed was that the city would require plaintiff to prove a fact which had been a part of plaintiff's burden from the day the complaint was filed. This is not the kind of late discovery which is referred to in any of the cases which have interpreted section 474. Thomas could not have been a person whose identity or legal responsibility or connection with the accident was unknown to the attorney who drafted the complaint. A fortiori Thomas could not have been one of the persons who had been named in the complaint as "Doe" by reason of the plaintiff's lack of knowledge concerning him. It necessarily follows that Thomas did not become a party to the action until the complaint was amended in 1978, long after the statute of limitations had run.

There is no evidence that Thomas or the City of Los Angeles in any way deceived or misled plaintiff in any respect, or that there is any other ground for tolling the statute of limitations. The summary judgment dismissing the action as to Thomas therefore was proper.

The judgment is affirmed.

Kingsley, J., and Early, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.