**Gladys M. GREEN, Plaintiff,**

v.

**MUTUAL OF OMAHA, a Nebraska Corporation, and Does I through XX, Inclusive, Defendants.**

**No. C–81–3820 SW ARB.**

United States District Court, N.D. California.

July 27, 1982.

Lavorato, House & Linker, Salinas, Cal., for plaintiff, Gladys M. Green.

Rogers, Joseph, O'Donnell & Quinn, Joseph W. Rogers, Jr., Mark A. White, San Francisco, Cal., for defendant Mut. of Omaha Ins. Co.

SPENCER WILLIAMS, District Judge.

In this action, plaintiff Gladys Green, a California resident seeks compensatory and punitive damages for an alleged wrongful refusal to pay benefits claimed under a health insurance policy. The policy was issued by defendant Mutual of Omaha Insurance Company ("Mutual"), a Nebraska corporation. Plaintiff joined twenty un-

known defendants as "Does I through XX" as permitted under Cal.Civ.Proc.Code § 474.[1]

Plaintiff's complaint included specific charging allegations against the Doe defendants. The complaint identified several Does as "residents and citizens of the State of California [who] made representations and promises to plaintiff during the sale of the contract of insurance." The complaint also included charges identifying the Does as participants "in processing plaintiff's claim for benefits."

The action was originally filed in the Monterey Superior Court. On September 24, 1981, Mutual removed the action to this court on the ground of diversity of citizenship. Defendant alleged in its removal petition that the Doe defendants were nominal and wholly fictitious parties whose citizenship should be disregarded.

At a pretrial hearing conducted after removal, this court inquired into the status of the Doe defendants and asked plaintiff's counsel whether plaintiff genuinely intended to proceed against any of the identified Does. Plaintiff's counsel stated that his client did intend to pursue a claim against Mutual's agent Richard Campbell, a non-diverse party who, as alleged against the Does, made representations and promises in selling her the policy of insurance.

Thereafter, plaintiff brought a motion to amend her complaint to add Campbell as a defendant and to remand the action to state court for lack of complete diversity. The court granted plaintiff's motion to remand this action to state court. Thereafter, the court issued an order returning this case to the Monterey Superior Court.

Due to the frequent filing of removal petitions of complaints containing Doe defendants, the court issues this brief memorandum stating its reasons for so ruling in this case.

DISCUSSION

■ This motion raises the continuing and often perplexing question as to the effect of John Doe allegations on the right of removal. Recently, the Ninth Circuit attempted to clarify the law on this subject in *Hartwell Corp. v. Boeing Co.,* 678 F.2d 842 (1982 9th Cir.). The *Hartwell* court ruled that when a plaintiff's Doe allegations "give no clue" as to the fictitious party's identity,[2] these unnamed parties can be ignored for purposes of determining the existence of diversity jurisdiction.[3]

In reaching its conclusion, the court in *Hartwell* expressly approved the holding and reasoning of the court in *Asher v. Pacific Power & Light Co.,* 249 F.Supp. 671 (N.D.Cal.1965). In *Asher,* the plaintiff "listed" ten Doe defendants in his complaint

1. Section 474 provides in pertinent part:

"When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint ... and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly...."

*See generally* Hogan, California's Unique Doe Defendant Practice: A Fiction Stranger than Truth, 30 Stan.L.Rev. 51 (1977).

2. In *Hartwell,* the plaintiff only mentioned the Does in the caption of its complaint and in one general charging allegation. The Ninth Circuit suggested that if the complaint had identified the Does generally, such as competitors who allegedly received trade secrets from Boeing, the Doe allegations would have defeated removal. *See also Chism v. National Heritage Life Insurance Co.,* 637 F.2d 1328 (9th Cir. 1981).

3. The *Hartwell* court distinguished its holding from that in *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 77 n. 2 (9th Cir.1979). The court concluded that the *Preaseau* court's rejection of "the degree of identification" line of cases dealt only with the timeliness of filing for removal and not the existence of diversity jurisdiction. Apparently, therefore, the current rule in this circuit is that a defendant, while not prohibited from removing a case earlier, need not do so until the plaintiff has taken some affirmative step to sever the Doe defendants from the case. *See also George v. Al-Saud,* 478 F.Supp. 773 (N.D.Cal.1979). Likewise, a defendant who does remove a case while fictitious defendants remain will only face a remand order if the original complaint "gives a clue" as to the identity of a Doe defendant who would destroy diversity jurisdiction. *Hartwell, supra; Cf. Goldberg v. CPC International Inc.,* 678 F.2d 1365 (9th Cir.1982) (court raised but did not resolve propriety of removal after filing of "At-Issue Memorandum" in state court).

but made no other mention of these parties "except that the plural 'defendants' [was] used in each cause of action and in the prayer." *Id.* at 673. In denying the plaintiff's motion to remand, Judge MacBride held that the plaintiff had identified the Does with insufficient specificity to defeat diversity jurisdiction. *Id.* at 676.

In the *Asher* opinion, the court stated that the primary question confronting the court was whether plaintiff really intended to recover against the new defendants or simply was using the Doe allegations as a device to destroy diversity. *Id.* at 675. The *Asher* court concluded that an examination of the specificity of the complaint's allegations at the time the petition for removal was filed is a method for ascertaining the plaintiff's true intent. *Id.* at 676.

The issue in the present case is whether the action was properly removable to federal court on diversity grounds while the fictitious defendants, who allegedly made representations and promises to plaintiff during the sale of the contract of insurance, remained in the case. The court found that the citizenship of the Doe defendants could not be ignored and granted plaintiff's motion to remand.

■ Application of the reasoning contained in the *Hartwell* and *Asher* opinions requires that this court consider the citizenship of the Doe defendants named in plaintiff's complaint. Unlike the situation in either of the leading cases, plaintiff's Doe allegations gave a definite clue as to the identity of the fictitious defendant. The complaint specifically referred to the individual who acted as the company's agent in selling the insured an individual policy. These allegations could easily have put defendant on notice that the unnamed party was Richard Campbell.[4]

This court cannot state the plaintiff included Does in her complaint without reason or superstitiously. *See Grigg v. Southern Pacific Co.*, 246 F.2d 613, 620 (9th Cir. 1957). On the contrary, the allegations against the fictitious defendants not only state a potential cause of action against the Does, but they specifically identify the relationship between plaintiff, Mutual and the particular unnamed parties. *See Thiel v. Southern Pacific Co.*, 126 F.2d 710, 711 (9th Cir.), *cert. denied*, 316 U.S. 698, 62 S.Ct. 1295, 86 L.Ed. 1767 (1942).

■ Accordingly, there is no evidence that the fictitious defendants were inserted in the action as "phantoms" solely for the purpose of defeating diversity. While the removability of an action must be judged by the pleadings as of the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939), the court can consider a plaintiff's subsequent attempt to amend her complaint as relating to her true intent at the time the action was removed. *See New World Mfg. v. Pantasote Co.*, No. C 81–3484 WTS (March 10, 1982, N.D.Cal.) (Sweigert, J.).

In the present case, plaintiff sought to amend her complaint upon suggestion by the court. There is no evidence in the record, and defendant did not suggest, that plaintiff demonstrated an improper motive in attempting to join Campbell as a defendant. Accordingly, the court remanded the action for lack of diversity.[5]

Defendant contended that plaintiff cannot avail herself of California's Doe pleading practice under Cal.Civ.Proc.Code § 474 because she was aware of both Campbell's existence and his relationship to the facts of the case at the time the complaint was filed. In response, plaintiff claims that she did not discover her cause of action against Campbell until his deposition on November 5, 1981. Based on California's liberal interpretation of section 474's requirements,

---

4. In fact, defendant did not oppose plaintiff's motion to amend her complaint except insofar as Campbell was being substituted for a Doe defendant.

5. Under the circumstances of this case, if the court were to grant plaintiff's motion to amend her complaint to join a non-diverse defendant, remand would also be appropriate. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376–77 (9th Cir. 1980).

plaintiff argues that her amendment should be allowed. *See, e.g., Munoz v. Purdy,* 91 Cal.App.3d 942, 154 Cal.Rptr. 472 (1979).

Notwithstanding the questionable validity of plaintiff's professed "ignorance" of her cause of action against Campbell, *see, e.g., Miller v. Thomas,* 121 Cal.App.3d 440, 175 Cal.Rptr. 327 (1981), the substitution issue was not before this court. The purpose underlying California's Doe pleading statute and its requirement that a plaintiff be "ignorant of the name of a defendant" is to preserve the integrity of a statute of limitations defense for later named defendants while permitting liberal joinder of newly discovered parties. *Cf. Miller v. Thomas, supra* (court denied amendment when it would join a previously known defendant who otherwise would have a statute of limitations defense). Therefore, the only party with standing to object to an attempted amendment substituting a new party would be the newly named defendant. *Goldberg v. CPC International, Inc.,* 495 F.Supp. 233, 240 n. 9 (N.D.Cal.1980).

In the present case, Campbell did not object to the proffered amendment by the time of the hearing on the motion to remand, although he presumably would retain the right to do so after amendment. The concern of the *Miller* court would seem to be inapposite because here there appears to be no statute of limitations question raised by the facts of this case. In any event, this issue is best addressed by the state court after remand as diversity is plainly lacking under the allegations of the complaint at the time of removal.

CONCLUSION

It is well-established that the removal statute is to be strictly construed against removal and in favor of remand. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979). Furthermore, the party seeking removal has the burden of proving that the action is wholly between citizens of different states. *Goldberg v. CPC International, Inc.,* 495 F.Supp. 233, 236 (N.D.Cal.1980).

In the present case, defendant failed to meet its burden in demonstrating that the Doe allegations fail to provide a clue as to the fictitious defendants' identities. Moreover, the question whether Doe substitution is appropriate under the facts of this case is properly left to the state court when presented with the question by a party with the requisite standing to do so.

Accordingly, plaintiff's motion to remand this action to the state court from which it came was granted.