**CTS PRINTEX, INC., a California corporation, Plaintiff,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, a corporation, and Does 1 through 50, Defendants.**

**No. C–86–2132–WWS.**

United States District Court, N.D. California.

July 17, 1986.

---

John F. Nolan, Sheppard, Mullin, Richter & Hampton, San Francisco, Cal., for plaintiff.

Terry J. Houlihan, Bruce W. Blakely, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., Timothy C. Russell, Drinker, Biddle & Reath, Washington, D.C., for defendants.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

Plaintiff has moved to remand this action to the state court. The motion requires the Court to determine the current state of the law concerning the impact of fictitious defendants on the removability of a complaint on diversity grounds.

### Facts

Plaintiff filed this action in the San Francisco Superior Court seeking damages against defendant American Motorists Insurance Company ("AMICO") for breach of insurance contracts and breach of the implied covenant of good faith and fair dealing, and against AMICO and Does 1 through 50 for breach of fiduciary duties and breach of statutory duties. The action stems from AMICO's alleged refusal to provide a defense and coverage to plaintiff, its insured, in connection with a series of toxic tort lawsuits filed against plaintiff.

In addition to the claims asserted against AMICO, the complaint contains charging allegations against three sets of Doe defendants whose identities are presently unknown to plaintiff. Does 1 through 5 are alleged to be affiliates of AMICO who participated in the negotiation and sale of the insurance contracts at issue; their citizenship is not alleged. Does 6 through 15 are alleged to be residents of California who participated in the processing and investigation of plaintiff's demand for coverage under its policies. The complaint also alleges that all defendants are engaged in the business of insurance in California.

AMICO removed the action to this Court on the basis of diversity jurisdiction. AMICO is an Illinois corporation with its principal place of business in that state; plaintiff is a California corporation with its principal place of business in California. Notwithstanding the existence of Doe allegations, AMICO asserts diversity jurisdiction on the grounds that (1) all possible Does are nonresidents of California, and (2) the allegations against the Does are so nonspecific that they can be disregarded in determining diversity.

### Analysis

California law allows a plaintiff to sue under a fictitious name (commonly as Does) any potential defendant whose name is unknown to plaintiff; the naming of a Doe defendant has the effect of tolling the statute of limitations for up to three years. *Lindley v. General Electric Co.*, 780 F.2d 797 (9th Cir.1986); Cal.C.C.P. §§ 474, 583.210. If plaintiff discovers the name of the fictitious defendant, he may amend the complaint to name the real defendant and serve that defendant as a Doe within three years after filing the complaint. That amendment then relates back to the date the complaint was filed. To obtain the benefit of this extended limitations period, plaintiff must be and allege that he is ignorant of the Doe defendant's true name and must allege a cause of action against the Doe in

the complaint. *Kolodziejski v. Hover,* 124 Cal.App.2d 731, 733, 269 P.2d 163 (2d Dist. 1954). The instant complaint complies with these requirements and defendant does not assert otherwise.

The Doe allegations in this case are substantially the same as those in *Goldberg v. CPC Intern. Inc.,* 495 F.Supp. 233, 237 (N.D.Cal.1980). Reasoning from a line of Ninth Circuit cases upholding removal as timely once plaintiff has abandoned any claims against Does, *see, e.g., Preaseau v. Prudential Ins. Co. of America,* 591 F.2d 74 (9th Cir.1979), this Court held that a complaint alleging claims against Does is on its face not removable. *Goldberg* at 238. The Doe allegations would not defeat diversity jurisdiction, however, should defendant prove that all potential defendants encompassed by the charging allegations are diverse or that the Doe allegations are shams, i.e., lacking a legal basis. *Id.* at 236, 239. Finding that defendant had failed to meet its burden of establishing complete diversity and that the Does had not been shown to be shams, the Court remanded the action.[1]

Two years after *Goldberg,* the Ninth Circuit decided *Hartwell Corp. v. Boeing,* 678 F.2d 842 (9th Cir.1982). In that case the complaint alleged that the Does "participated in the acts ... complained of," namely disclosure of plaintiff's trade secrets. They were not otherwise identified. The court held that the motion to remand had been properly denied, saying:

> Of course, Doe pleading by its very nature cannot provide the highest level of specificity. But the defendant and the court must be given some basis for believing the Doe pleading is not a mere sham. Thus, as we read and adopt the specificity rule of *Asher* [*v. Pacific Power & Light Co.,* 249 F.Supp. 671 (N.D. Cal.1965)], a plaintiff cannot defeat diversity merely by inserting an unidentified Doe into a complaint without giving us some clue who the Doe might be, how the Doe might fit into the charging allegations, or how the Doe might relate to other parties.

678 F.2d at 843.[2]

Under *Hartwell* then, Doe defendants would destroy diversity only if alleged with sufficient specificity to give some clue as to their identity.

Three years after *Hartwell,* the court decided *Othman v. Globe Indemnity Co.,* 759 F.2d 1458 (9th Cir.1985), a diversity action where the issue was whether the trial court had had subject matter jurisdiction to enter judgment. Since a final judgment had been entered, the issue turned not on whether the case had been properly removed, but on whether the district court would have had original jurisdiction. *See Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

The court observed that the circumstances under which an action naming Doe defendants may be removed are "not entirely clear in this circuit," noting the apparent conflict between the *Hartwell* specificity test and the *Preaseau* court's rejection of "a distinction according to the degree of identification of Does in complaints." 591 F.2d at 77–78 n. 2. It then went on to hold

---

1. As in *Goldberg,* defendant's affidavits fail to establish that no California residents could have committed acts within the charging allegations of the complaint. Defendant conducts substantial business in California and plaintiff's declarations demonstrate that unknown persons purporting to represent defendant conducted audits and investigations at plaintiff's California plant, events that defendant's conclusory affidavits do not address. *Compare West America Corp. v. Vaughan-Bassett,* 765 F.2d 932 (9th Cir.1985), and *Pelleport Investors v. Budco Quality Theatres,* 741 F.2d 273 (9th Cir.1984), in which defendants submitted uncontroverted lists of all possible Does within the scope of the charging

allegations. And as in *Goldberg,* defendant does not claim that no legal basis supports liability of the Does under the charging allegations.

2. The court distinguished *Preaseau* on the ground that the allegations there—that the Does were "agents/employees of the remaining defendants"—were sufficiently specific to give defendant "some clue as to who they were," thus making the complaint non-removable. *Id.* 678 F.2d at 844 n. 6. The court did not explain how "agents" provides a more specific description than "participants."

that had the case been filed originally in the federal court, any jurisdictional defect could have been cured by the court by dismissing the Doe defendants, stating:

> Generally, Doe pleading is improper in federal court and the mere presence of Does in a complaint requires dismissal if jurisdiction is based solely on diversity. * * * However, had the case been filed originally in federal court, the court could allow the jurisdictional defect to be cured. Accordingly, the district court could have had proper original jurisdiction. A court may dismiss non-diverse defendants in order to preserve jurisdiction if they are not indispensable parties. * * * Although the district court never formally dismissed the Doe defendants, it could have, and this court may now do so if warranted.

759 F.2d at 1463 (citations omitted)

Under *Othman* then, Does may apparently be treated as surplusage to preserve subject matter jurisdiction.

Less than a year later, the Ninth Circuit decided *Lindley*. In that case, an action naming Doe defendants had been removed to federal court. No jurisdictional issue was raised. After removal, plaintiff amended the complaint to add a new defendant, Stone & Webster Engineering Corp. Under Federal Rule of Civil Procedure 15(c), the amendment would not have related back and the action would have been time barred as against Stone & Webster. The trial court dismissed Stone & Webster but the court of appeals reversed, holding that § 474 of the California Code of Civil Procedure, in conjunction with §§ 340(3) and 581a, has the effect of extending the one-year statute of limitations three years past the commencement of the action. The court adopted the following

statement from *Rumberg v. Weber Aircraft Corp.*, 424 F.Supp. 294, 297 (C.D.Cal. 1976):

> Taken together, CCP §§ 340(3), 474, and 581a can, depending on the date the complaint is filed, provide the functional equivalent of a limitations period of up to four years. For such a limitations period to apply two conditions must be met: (1) The plaintiff must file suit within one year of the accrual of the cause of action, and (2) the plaintiff must be unaware of the identity of certain defendants when the complaint is filed.

780 F.2d at 800. Because under this reasoning the action against Stone & Webster was not time-barred, the court held that the relation back limitation of Rule 15(c) did not apply.[3]

Under *Lindley* then, Doe pleading is treated as a part of California's substantive limitations rules and binding on the federal courts under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); and *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Accordingly, allegations against Doe defendants conforming to the California Doe pleading rules cannot be treated as surplusage. Since those allegations allow a plaintiff to serve a new defendant as a Doe any time within three years of filing regardless of Rule 15(c), the reasoning in *Othman* that the district court could dismiss the Does appears no longer valid. And since such an amendment is permitted regardless of the degree of specificity of the allegations—so long as it conforms to the California pleading rules—the *Hartwell* specificity test is rendered irrelevant.[4]

---

**3.** In this opinion, the Court proceeds on the assumption that the *Rumberg* court's analysis of the California statutory scheme is substantially correct. In fact, the matter is considerably more complex and application of these code sections will not invariably extend the statute of limitations by three years. For a full discussion, see Hogan, California's Unique Doe Defendant Practice: A Fiction Stranger Than

Truth, 30 Stan.L.Rev. 51, 86–101 (1977). *See also* 19 Wright, Miller & Cooper, Federal Practice and Procedure § 4509 pp. 158–59.

**4.** One of the requisites of Doe pleading is in fact that plaintiff be "ignorant of the name of a defendant," § 474, which has been construed by the California courts to encompass ignorance of the identity or existence of a possible defendant as well. *See Day v. Western Loan & Building*

It might be argued that the presence of Doe allegations in a complaint is not necessary for plaintiff to obtain the benefit of the three year extension of the statute of limitations. Both *Rumberg* and *Lindley* suggest as much but do not so hold. The suggestion is contrary to California law, as clearly stated and followed in *Anderson v. Allstate Ins. Co.*, 630 F.2d 677 (9th Cir. 1980):

Under California law, if a defendant is added to an amended complaint as a new defendant, and not as a Doe defendant, the amendment does not relate back to the time of the original complaint. *Scherer v. Mark, supra,* 64 Cal.App.3d [834] at 841–43, 135 Cal.Rptr. 90 [1976]; *Union Tank & Pipe Co. v. Mammoth Oil Co.,* 134 Cal.App. 229, 25 P.2d 262 (1933); see *Ingram v. Superior Court,* 98 Cal.App.3d 483, 159 Cal.Rptr. 557 (1979).

\* \* \* \* \* \*

... plaintiffs argue that their failure to insert defendants as fictitious defendants previously named should have been treated as a technical pleading defect that could be corrected by amendment. Although plaintiffs' failure might be viewed as technical in nature, the cases relied on above do not allow for the degree of liberality that plaintiffs request. As one California court recently observed, "[s]ome discipline in pleading is still essential to the efficient processing of litigation." *Ingram v. Superior Court, supra,* 98 Cal.App.3d at 491, 159 Cal.Rptr. at 561. As the district court was not clearly wrong in concluding that defendants were added as new defendants, the effect was that the statute of limitations had run and that a new amendment was prohibited. *Id.* at 492, 159 Cal.Rptr. 557. The district court thus properly dismissed with prejudice plaintiffs' claims for malicious prosecution and abuse of process.

630 F.2d at 683.

Inasmuch as the federal court, in implementing Doe pleading rules, is applying California law, it is bound to apply that law in its entirety and not selectively.

It also might be argued that merely because Doe pleading is a part of the substantive limitations law, it need not affect the determination of federal subject matter jurisdiction. But so long as California law creates a substantive right to substitute real defendants for Does for three years after filing the complaint and gain the benefit of the extended statute of limitations, every Doe defendant named is a potential non-diverse defendant and therefore cannot be ignored, regardless of how specifically pleaded, unless plaintiff abandons his claim or defendant can prove no Does could exist or no claim against them could succeed. *See Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd.* 710 F.2d 549 (9th Cir. 1983), and p. 1274 n. 1. *supra.* *Lindley* therefore impairs the authority of *Hartwell* and *Othman* and compels a fresh look at the Doe problem.

Moreover, to permit removal of complaints naming Does in conformity with California practice would confront the court with an irresolvable dilemma when a non-diverse defendant is later added. Were the district court to permit addition of such a defendant, it would lose jurisdiction. *Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371, 1374 (9th Cir.1980). The law is settled that post-removal amendments will not be permitted to destroy subject matter jurisdiction once it has attached. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938). The Ninth Circuit so held in *Lopez v. General Motors Corp.,* 697 F.2d 1328 (9th Cir.1983):

As we said in *Southern Pacific Co. v. Haight* [317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942) ] *supra:* "Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded. *Pullman Co. v. Jenkins,*

*Co.,* 42 Cal.App.2d 226, 236, 108 P.2d 702 (1st Dist.1940).

305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; *Stewart v. Dunham,* 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; *Phelps v. Oaks,* 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; *Daland v. Hewitt Soap Co.,* D.C. 27 F.Supp. 482." 126 F.2d at 903.

697 F.2d at 1332.[5] On the other hand, if the district court denied leave to add a non-diverse defendant against whom the statute of limitations has otherwise run, it would deprive plaintiff of the benefit of the tolling provision to which he is entitled under California substantive law (since a newly-filed action would be untimely).

This analysis compels the conclusion that for purposes of diversity on removal, all allegations against Does that conform to California Doe pleading rules must be treated as destroying diversity and hence precluding removal.[6] Only by adopting that rule can applicable federal and state law be accommodated. That rule, moreover, would help bring a measure of certainty and predictability to what even the Ninth Circuit has described as "the vague contours of when Doe pleading is specific enough to defeat diversity." *Pelleport Investors,* 741 F.2d at 279 n. 2.

Defendants' rights under the removal statute will not thereby be diminished. The time to file a petition under 28 U.S.C. § 1446(b) begins to run when the case first becomes removable, which normally will occur when plaintiff has manifested an intention to abandon his case against the Does. It is fair to note that this may occur on the eve of trial (if trial occurs within three years of filing of the complaint)—an undesirable development—but procedures may be available in state court to bring the issue of removability to an earlier resolu-

tion. *See, e.g., Barngrover v. MV Tunisian Reefer,* 535 F.Supp. 1309 (C.D.Cal. 1982) (time to petition to remove runs on filing of at issue memorandum without having served Does).

Accordingly, the motion to remand must be granted.

IT IS SO ORDERED.

---

5. An exception to that rule arises when an indispensable party would destroy diversity. The court must then consider whether in equity and good conscience the action should proceed without him or whether it should be remanded. *Takeda v. Northwestern Nat. Life Ins. Co.,* 765 F.2d 815, 819 (9th Cir.1985).

6. This conclusion is, of course, consistent with *Preaseau,* and with the general principle that the removal statute must be narrowly construed, *Takeda,* 765 F.2d at 818, and with Rule 1 by

eliminating the cost and burden of the many removal petitions of dubious merit now being filed.

With respect to actions originally filed in the federal court, Doe pleading does not present the same problem inasmuch as the plaintiff has made the forum choice. A plaintiff wishing to be in federal court will presumably forego naming diversity-destroying defendants. Of course, by doing so he will also forego the benefits of such pleading.