[L.A. No. 30735. Apr. 26, 1978.]

RUTH MARASCO, Plaintiff and Appellant, v.
ROSE ANN WADSWORTH, Defendant and Respondent.

**COUNSEL**

Olney, Levy, Kaplan & Tenner, Jack Tenner, James R. Tucker and Arthur D. Warren for Plaintiff and Appellant.

Spray, Gould & Bowers, Daniel O. Howard and Michael R. Brown for Defendant and Respondent.

**OPINION**

MANUEL, J.—Plaintiff appeals from a judgment entered after defendant's demurrer to an amended complaint was sustained without leave to amend on the ground that the statute of limitations barred the action. We reverse.

On December 4, 1972, plaintiff Marasco filed suit against Frank Penegar and Does I through XX for wrongful death caused by an automobile accident. The complaint alleged that on December 14, 1971, Penegar was the driver of a car whose registered owners were Does I through X, and that Russell, plaintiff's decedent, was a passenger in an automobile driven by substituted defendant Rose Ann Wadsworth. The complaint further alleged that "... defendants and each of them so

negligently and carelessly drove, operated, maintained, controlled and entrusted their vehicle as to collide with the rear of the vehicle in which plaintiff was riding[,] . . . forcing it to collide with the vehicle ahead of it . . . [and] . . . as a direct and proximate result of the hereinabove described conduct, plaintiff's decedent Maude E. Russell received injuries resulting in her death. . . ."

More than one year after the accident, on August 28, 1973, following our decision holding unconstitutional Vehicle Code section 17158, the guest statute (*Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505]), plaintiff amended her complaint and served Wadsworth as a codefendant in place of Doe XI. A demurrer was sustained to this second amended complaint, and after plaintiff's further amendments,[1] Wadsworth demurred generally, asserting that any cause of action against her was barred by the statute of limitations (Code Civ. Proc., § 340, subd. 3). This appeal is taken from the judgment subsequently entered upon the sustaining of the demurrer without leave to amend.

■ The question before us is whether the amendment substituting Wadsworth as a named defendant relates back to the filing date of the original complaint, thereby defeating the bar of the statute of limitations. Defendant argues that the amendment naming her as defendant cannot relate back to the original complaint where the statute of limitations otherwise has run, where the original complaint failed to state a cause of action against her as a fictitiously named defendant, and where the only ground for bringing her in as a new defendant is a change in decisional law. Our examination of the record reveals that the amended complaint does relate back to avoid the bar of the statute of limitations and that defendant Wadsworth was properly substituted.

In *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624] we held that an amendment substituting a named individual previously sued by a fictitious name relates back to the filing of the original complaint where the recovery is for the same accident and

---

[1] Paragraph VII of the third amended complaint alleges: "That on or about December 14, 1971, at or about 6:25 p.m. thereof, the decedent Maude E. Russell was riding as a passenger in an automobile being driven by defendant Rose Ann Wadsworth in a northerly direction on the Harbor Freeway in the vicinity of the Del Amo Boulevard offramp, located in the County of Los Angeles, State of California. At said time and place, the defendants, and each of them, so negligently and carelessly drove, operated, maintained and controlled their respective vehicles as to cause a collision, proximately causing the death of Maude E. Russell."

injury, regardless of whether it sets out a different legal theory or states a different cause of action. In that case, the statute of limitations did not bar an amended complaint asserting a cause of action against a machine fabricator for defective manufacture and design where in the original complaint, plaintiff, an injured millworker, had pled an injury arising out a place of employment that was " 'unsafe, dangerous, and defective.' " (18 Cal.3d 932, 934.) The language of *Smeltzley* that " '. . . where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the *same general set of facts*,' " is dispositive. (*Smeltzley, supra,* at p. 936, quoting *Austin* v. *Massachusetts Bonding and Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681]; italics in original.)

Here plaintiff named Wadsworth, driver of the vehicle in which plaintiff's decedent was killed, as a defendant five months after our decision in *Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505] gave her a right of action against Wadsworth. The amended complaint substituting her in place of Doe XI involves the identical accident—the three-car collision—and the identical injuries— Maude E. Russell's death—as were presented in the initial complaint. Accordingly, the amended complaint naming Wadsworth as a defendant is not barred by the statute of limitations.

Defendant's contention that the initial allegations did not state a cause of action against her so that she can be substituted as a named defendant, presents a situation like that in *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199 [114 Cal.Rptr. 839]. That case was a wrongful death action where plaintiffs substituted named defendants for Does after *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], recognized a cause of action against such defendants as dramshop owners that was not available at the time of the original pleadings. The initial complaint contained an omnibus allegation that "each of the defendants designated . . . as a Doe is negligently responsible . . . for the events and happenings herein referred to, and negligently caused injuries and damages proximately thereby to plaintiffs as herein alleged." (*Barnes, supra,* p. 201.) The court held that the amendment substituting the dramshop owners for Does came within the principle of *Austin,* and that the amendment did relate back because "recovery [was] sought on the same general set of facts [as plaintiffs were seeking to hold the owners] 'responsible for the same occurance and damage alleged in the original complaint.' " (*Smeltzley, supra,* p. 938.)

In the instant case, plaintiff's original complaint alleges in paragraph I, that defendants Does I-XX were being sued by such fictitious names; in paragraph III, that defendants Does I-X were the registered owners of the vehicle driven by defendant Penegar; and in paragraphs VI and VII, that decedent Maude E. Russell was a passenger in the car driven by Wadsworth, and ". . . [a]t said time and place the defendants and each of them so negligently and carelessly, drove . . . [so] as to collide with the rear of the vehicle in which plaintiff was riding . . . [such that] . . . as a direct and proximate result . . . plaintiff's decedent . . . received injuries resulting in her death. . . ."

We note that the original complaint did not single out and specifically charge the driver of the vehicle in which the decedent was riding with negligence, while the third amended complaint charges that driver, defendant Wadsworth, as well as the other defendants with causing the collision and the consequent death. The substitution and change in the statement of theory was permissible. We held in *Austin* that suing Massachusetts Bonding by its fictitious name in the original complaint would not be held to defeat a substitution as well as a change of theory which would have been acceptable if defendant had been sued originally by its true name (*Austin, supra,* 56 Cal.2d p. 602). Like the plaintiff in *Barnes* v. *Wilson, supra,* 40 Cal.App.3d 199, plaintiff here is seeking to hold Wadsworth legally responsible for the same accident and injuries referred to in the original complaint. Moreover, similar to the amendment in *Barnes, supra,* the amendment here, changing the basis of the liability of Doe XI from that of another car's driver to decedent's driver, is no more drastic than the change of theory from principal to surety reflected by the amendment in *Austin, supra,* or the amendment in *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647, 651 [66 Cal.Rptr. 590], changing the basis of liability from that of a vehicle operator to that of a vehicle manufacturer. (*Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d 932, 938-939; *Barnes* v. *Wilson, supra,* 40 Cal.App.3d 199, 205; *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 584-585 [86 Cal.Rptr. 465, 468 P.2d 825].)

The original complaint attempts to state a claim against all the defendants, whether sued by true or fictitious names. (*Hollister Canning Co.* v. *Superior Court* (1972) 26 Cal.App.3d 186 [102 Cal.Rptr. 713].) In this respect, plaintiff need do no more than set forth or attempt to set forth a cause of action against such defendants. (*Austin, supra,* 56 Cal.2d 596, 599.) Accordingly, plaintiff's original complaint stated a claim with at least as much particularity as the state of the case law and the

applicable statutes would allow, and with as much specificity as was required in these earlier cases. These observations distinguish this case from *Williams* v. *Goodman* (1963) 214 Cal.App.2d 856, 861 [29 Cal.Rptr. 877], where there was absolutely no attempt by the pleader to assert a claim against the fictitiously named defendants.

 Finally, defendant, citing *Scherer* v. *Mark* (1976) 64 Cal.App.3d 834 [135 Cal.Rptr. 90], contends that even if a theory of liability was sufficiently alleged against Wadsworth, plaintiff should not be allowed to substitute her because plaintiff mentioned defendant as decedent's driver in the original complaint and was not ignorant of her identity. It is argued that plaintiff was well aware of defendant's name and thus under section 474 of the Code of Civil Procedure, could not sue Wadsworth as a doe and later designate her as a named defendant.

In *Scherer,* a pre-*Smeltzley* case, the court did not permit a plaintiff-patient to add a cause of action against her doctor for misdiagnosis where all the basic facts were before plaintiff at the time of filing the original complaint. *Scherer* is not in point here where plaintiff seeks to assert against defendant a new theory of liability, recognized by this court for the first time after the original complaint was filed, as a result of this court's declaring the guest statute unconstitutional in *Brown* v. *Merlo.*

The court in *Barnes, supra,* 40 Cal.App.3d 199, confronted with the same situation when *Vesely* v. *Sager, supra,* 5 Cal.3d 153, recognized a liability against sellers of alcoholic beverages for furnishing such beverages to a customer who then injures a third person, held "... the phrase 'when the plaintiff is ignorant of the name of a defendant' in Code of Civil Procedure section 474 has not been interpreted literally. The plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person [citations], or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action. [Citation.]" (*Barnes,* 40 Cal.App.3d 199, 205.) With this statement we agree. (See *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825]; *Garrett* v. *Crown Coach Corp., supra*; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, §§ 368, 1080, pp. 2030-2031, 2656-2657.) Accordingly, defendant's contention is unavailing.

We conclude, therefore, that the trial court was in error when it sustained the demurrer to the amended complaint and entered judgment thereon. As we have indicated in this opinion, the action of the trial court contravenes the clear statement of law as expressed by *Smeltzley* and the other cases cited herein affirming the policy favoring liberality in the amendment of pleadings to encourage litigating causes on their merits.

The judgment is reversed with directions to overrule the demurrer and allow time for defendant to answer.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.