Louie PALESTINI and Darla
Palestini, Plaintiffs,

v.

**GENERAL DYNAMICS CORPORATION,**
General Dynamic Convair, and Hughes
Missiles Systems Company, Defendants.

No. CIV.99–2449–R.

United States District Court,
S.D. California.

May 15, 2000.

Marc O. Stern, Law Offices of Marc O.
Stern, San Diego, CA, for Plaintiff.

Louie and Darla Palestini, San Diego, CA,
Pro se.

Timothy R. Pestotnik, Luce, Forward,
Hamilton and Scripps, San Deigo, CA, William V. Johnson, Howard, Patrick, Morris,
Johnson and Bell, Chicago IL, Erik Sean

Bliss, Latham and Watkins, San Diego, CA, Thomas Charles Hurrell, Hillsinger and Costanzo, Los Angeles, CA, Lawerence Paul Riff, Steptoe and Johnson, Los Angeles, CA, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

RHOADES, District Judge.

### I. Introduction

Plaintiffs have filed a motion to remand this matter to state court. They argue that the Court lacks subject matter jurisdiction because the first amended complaint adds new Defendants that defeat complete diversity. Defendants have filed motions to dismiss and to strike. Because the motion to remand pertains to the Court's jurisdiction, the Court addresses that motion first. The Court grants Plaintiffs' motion to remand and denies Defendants' motions as moot.

### II. Background

On July 14, 1999, Plaintiffs filed a form complaint in California Superior Court alleging fraudulent concealment and unfair business practices under the California Business and Professions Code. The complaint names as Defendants two of Plaintiff Louie Palestini's former employers—General Dynamics and Hughes ·Missiles Systems—and "Does 1 to 20." In the complaint, Plaintiffs allege that General Dynamics, Hughes, and the Doe Defendants knowingly exposed employees to dangerous carcinogens while fraudulently concealing the health hazards. As a result, Louie Palestini allegedly contracted cancer. The complaint consists of a court-authorized form filled out by Plaintiffs, who represented themselves at the time of filing.

Defendants removed the action to this Court on November 17, 1999, with jurisdiction predicated on diversity of citizenship under 28 U.S.C. § 1332. The same day, Marc Stern replaced Plaintiffs as their attorney. Before Defendants responded to the original complaint and without seeking leave from the Court, Plaintiffs filed the First Amended Complaint on February 18, 2000.

The First Amended Complaint differs from the original complaint in several respects. It is a detailed, original document, rather than a form, and it alleges three further causes of action against new Defendants. In addition to the two claims against Hughes, General Dynamics, and unnamed Does, the First Amended Complaint alleges negligence and strict liability against Stillman Seal Corporation, PRC Desoto International, and Dexter Hysol (the "Chemical Company Defendants"). Plaintiffs claim that the Chemical Company Defendants manufactured and supplied the hazardous carcinogens that purportedly caused Louie Palestini's cancer. The new causes of action for negligence and strict liability are asserted against only the Chemical Company Defendants.

On March 8 and 9, Defendants filed motions to dismiss and to strike portions of the First Amended Complaint. Thereafter, on March 14, Plaintiffs filed a "Notice of Substitution" of the Chemical Company Defendants for Doe Defendants. In the Notice of Substitution, Plaintiffs purport to substitute the Chemical Company Defendants for Does 1 to 3 in the original complaint. Plaintiffs allege, and Defendants do not contest, that the Chemical Company Defendants are incorporated in or maintain their primary place of business in California, thereby defeating complete diversity. On this basis, Plaintiffs move the Court to remand this matter to state court.[1]

### III. Discussion

Defendants oppose the motion to remand on two principal grounds. First, they argue that the claims against the Chemical Company Defendants are barred by the statute of limitations. Next, they urge the Court to refuse to permit joinder of the Chemical Company Defendants under 28 U.S.C. § 1447. The Court rejects these arguments, allows joinder, and remands the case to state court for lack of subject matter jurisdiction.

---

1. Plaintiffs also argue for remand because General Dynamics and Hughes, the original named Defendants, have not proven their citizenship for purposes of establishing diversity. Because the

Court permits the joinder of the Chemical Company Defendants, the Court remands the case without considering this argument.

### A. The Claims Against the Chemical Company Are Not Barred by the Statute of Limitations

The statute of limitations on the claims against the Chemical Company Defendants expired in the interim between the filing of the original complaint and the First Amended Complaint. On that basis, Defendants seek dismissal of the First Amended Complaint and denial of the motion to remand. The Court finds that the claims are not barred by the statute of limitations.

■ Untimely claims in an amended pleading will not be barred by the statute of limitations if they "relate back" to a pleading filed within the statutory period. *See* Fed. R.Civ.P. 15(c). Under Rule 15(c)(1), the district court is directed to apply state law to determine whether claims relate back in an action based on diversity of citizenship. *See* Fed.R.Civ.P. 15(c)(1) advisory committee's note (citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). In this case, the Court refers to California law on relation back of claims against fictitiously named defendants. *See generally Marasco v. Wadsworth,* 21 Cal.3d 82, 145 Cal.Rptr. 843, 578 P.2d 90 (1978); *Austin v. Massachusetts Bonding and Ins. Co.,* 56 Cal.2d 596, 15 Cal.Rptr. 817, 364 P.2d 681 (1961). The Court finds that Plaintiffs' claims relate back under California law and are, therefore, not barred by the statute of limitations.

■ Amendments substituting a named defendant previously sued under a fictitious name relate back to the filing of the original complaint when "recovery is sought in both pleadings on the same general set of facts." *Smeltzley v. Nicholson Mfg. Co.,* 18 Cal.3d 932, 936, 136 Cal.Rptr. 269, 559 P.2d 624 (1977) (citing *Austin,* 56 Cal.2d at 600, 15 Cal.Rptr. 817, 364 P.2d 681). This requirement is met when "the recovery is for the same accident and injury, regardless of whether it sets out a different legal theory or states a different cause of action." *Marasco,* 21 Cal.3d at 85–86, 145 Cal.Rptr. 843, 578 P.2d 90. In fact, a complaint may relate back despite the fact that unnamed defendants in the original allegations could not have included the substituted defendants.

*See Marasco,* 21 Cal.3d at 87, 145 Cal.Rptr. 843, 578 P.2d 90 (citing *Austin,* 56 Cal.2d at 602, 15 Cal.Rptr. 817, 364 P.2d 681).

Procedurally, relation back requires only that the Plaintiff "set forth or attempted to set forth some cause of action against the fictitiously named defendants" in the original complaint. *Winding Creek v. McGlashan,* 44 Cal.App.4th 933, 941, 52 Cal.Rptr.2d 236 (1996) (citing *Marasco,* 21 Cal.3d at 87, 145 Cal.Rptr. 843, 578 P.2d 90). California courts construe this condition liberally in light of the "policy that cases should be decided on their merits." *Austin,* 56 Cal.2d at 596, 15 Cal.Rptr. 817, 364 P.2d 681; *see also Winding Creek,* 44 Cal.App.4th at 940, 52 Cal.Rptr.2d 236 (advocating liberal construction). Use of the plural "Defendants" in the charging allegations will suffice to meet the requirement so long as the complaint does not limit the word to the named defendants only. *See Winding Creek,* 44 Cal. App.4th at 940, 52 Cal.Rptr.2d 236; *Austin,* 56 Cal.2d at 598, 15 Cal.Rptr. 817, 364 P.2d 681 (upholding relation back of complaint that, "without making any distinction between [named and fictitious defendants], alleged that 'defendants'" caused the asserted injury).

Beyond the required attempt to charge unnamed defendants in the original complaint, noncompliance with California procedures for substitution of Does will not prevent relation back of new claims in an amended complaint. *See Woo v. Superior Court,* 75 Cal.App.4th 169, 177, 89 Cal. Rptr.2d 20 (1999) (finding that the amended complaint related back despite the plaintiff's failure to identify the added defendant as a previously unnamed Doe); *San Jose Charter of the Hell's Angels Motorcycle Club v. San Jose,* 1999 WL 1211672, at *8 (N.D.Cal. Dec. 6, 1999).

■ The claims asserted against the Chemical Company Defendants and those against the original named Defendants arise from the same injury: Louie Palestini's alleged contraction of cancer from exposure to chemicals on the job. Thus, the claims against the Chemical Company Defendants will "relate back" if they meet the minimal procedural requirements of California law.

The original complaint asserts two causes of action against "Defendants, and each of them," without distinguishing between named and Doe Defendants. In the proper place on the form complaint, Plaintiffs actually name "Does 1 to 10" as Defendants in the first cause of action. The form does not have a similar place for designation of Does under the second cause of action, but, because they are explicitly excluded from the first cause of action, Does 11 to 20 must be encompassed in the charging allegations for the second cause of action. Plaintiffs have therefore surpassed the requirement that the original complaint "attempt to set forth some cause of action" against the Doe Defendants. *See Winding Creek,* 44 Cal.App.4th at 941, 52 Cal.Rptr.2d 236.

Moreover, Plaintiffs explicitly notified Defendants, by way of the Notice of Substitution filed on March 14, 2000, that they were substituting the Chemical Company Defendants as Does 1 through 3. While this method may not comply precisely with the procedures for substitution stated in Cal. Civ. Pro. Code § 474, substitution has been allowed despite a *complete* failure to designate added parties as former Does. California law therefore requires that the Court overlook any procedural flaw in Plaintiffs' explicit substitution given the "policy that cases should be decided on their merits." *Austin,* 56 Cal.2d at 596, 15 Cal.Rptr. 817, 364 P.2d 681.

The Court holds that the claims in the First Amended Complaint "relate back" to those in the original complaint and are not barred by the statute of limitations.

## B. The Court Will Permit Joinder of the Chemical Company Defendants

There is conflict of authorities on what standard governs the Court's decision wheth-

er to permit joinder of the Chemical Company Defendants. Fed.R.Civ.P. 15(a) states, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." In contrast, 28 U.S.C. § 1447(e) grants the court discretion to permit or reject amendments joining non-diverse defendants after removal. Authorities disagree whether Rule 15(a) or § 1447(e) governs amendments prior to responsive pleadings that add non-diverse defendants. *Compare Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.,* 186 F.R.D. 581, 583 (N.D.Cal.1999) (permitting joinder as a matter of course under Rule 15(a)); William Schwarzer, et al., *California Practice Guide, Federal Civil Procedure Before Trial,* 2D–201, § 2:1077 (1999), *with Clinco v. Roberts,* 41 F.Supp.2d 1080, 1087–88 (C.D.Cal.1999) (finding that § 1447(e) applies). The Ninth Circuit has not resolved the split in authorities. Nonetheless, the Court need not resolve the conflict because it holds that, under either standard, joinder the of the Chemical Company Defendants is proper.

Under Rule 15(a), Plaintiffs need not obtain leave from the Court to file an amended complaint if Defendants have not filed a responsive pleading. Because Defendants still have not filed a responsive pleading in this case, the First Amended Complaint is valid under Rule 15(a). Thus, assuming Rule 15 governs, remand is mandatory due to the addition of the Chemical Company Defendants. *See Yniques v. Cabral,* 985 F.2d 1031, 1034 (9th Cir.1993).

Even under the discretionary standard of § 1447(e), the Court finds remand proper.[2] Section 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would

---

2. Defendants appear to argue that, under § 1447(e), the Court should deny the motion to remand simply because Plaintiffs filed the First Amended Complaint without first seeking leave from the Court. The Court finds this unpersuasive. First, some authorities find that amendment is proper under Rule 15(a). Moreover, even assuming that Rule 15(a) does not allow amendment as a matter of course in this case, the issue of whether to permit joinder under § 1447(e) is fully argued in the papers on the motion to remand. While Plaintiffs arguably should have raised the issue by motion to amend, the Court is not concerned with the intricacies of how the issue was raised. To give the issue the procedural posture urged by Defendants, the Court could simply dismiss the First Amended Complaint and order Plaintiffs to reargue the issue by way of motion to amend. Because this course of action would waste everyone's time, including that of Defendants, the Court proceeds to decide the issue on the papers presently on file.

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the Court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Clinco*, 41 F.Supp.2d at 1082.

■ The Court determines whether to permit joinder under § 1447(e) by reference to the following considerations: (1) whether the new defendants should be joined under Fed.R.Civ.P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See* William Schwarzer, et al., *California Practice Guide, Federal Civil Procedure Before Trial*, 2D–202, § 2:1078 (1999) (citing cases); *Clinco*, 41 F.Supp.2d at 1082; *see also Lopez v. General Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir.1983) (considering Rule 19 joinder and timeliness); *Newcombe*, 157 F.3d at 691 (addressing prejudice to plaintiff).

■ Taking into account the considerations stated above, the Court finds that joinder of the Chemical Company Defendants is appropriate under § 1447(e). The Chemical Companies are necessary parties. A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991) (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130 139, 15 L.Ed. 158 (1854)). This standard is met when failure to join will lead to separate and redundant actions. *See CP Nat'l*, 928 F.2d at 910 (noting that Rule 19 is directed to the interests of "the public in avoiding repeated lawsuits on the same essential subject matter"); *see also Provi-dent Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (finding that parties may be joined under Rule 19 regardless of whether they would be technically bound by the decision in the case under principles of res judicata). While Plaintiffs' claims against the original Defendants and the Chemical Company Defendants are based upon different theories of liability, they share the substantial issue of causation (i.e., whether the chemicals at issue caused Louie Palestini's cancer), which would be litigated twice in separate actions.

There will be little prejudice to Defendants from allowing amendment and remand at such an early stage in the case. While they have served motions to dismiss, Defendants have not even filed a responsive pleading yet. This early in the lawsuit, it is appropriate for Plaintiffs to seek consolidation of related claims arising from the same set of facts. The alternative of separate lawsuits and indemnity actions between Defendants is a waste of time and resources.

On this record, the Court cannot conclude that Plaintiffs motives are anything other than avoidance of the inefficiency and expense of multiple actions. The original complaint was a form complaint filed without representation. Within five days of the substitution of counsel for Plaintiffs, the parties filed the first of a series of stipulations granting additional time for Defendants' response because Plaintiffs were considering filing an amended complaint. Plaintiffs assert that the delay in filing the amended complaint resulted from delay in Defendants' responses to discovery requests, propounded by Plaintiffs' counsel, seeking the identity of the chemical manufacturers. The Court has no reason to doubt this explanation, which suggests that the Chemical Company Defendants were added after removal not to defeat diversity, but merely because their identities were previously unknown. Under these circumstances, the Court exercises its discretion to join the Chemical Company Defendants and remands the case to state court for lack of complete diversity.

## IV. Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion to remand. The Court denies all other pending motions as moot. The case is remanded to state court.

IT IS SO ORDERED: