Filed 8/26/20  Osuna v. Paragon Systems CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| DANIEL OSUNA, | B296748 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC706399) |
| v. | |
| PARAGON SYSTEMS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marc D. Gross, Judge.  Reversed and remanded with directions.

Law Offices of Mauro Fiore, Jr., Mauro Fiore, Jr., and Gilbert Perez, III for Plaintiff and Appellant.

Tyson & Mendes, David M. Frishman, Po S. Waghalter, Carlos E. MacManus, and Susan A. Gruskin for Defendant and Respondent.

_____

Plaintiff Daniel Osuna sued the Social Security Administration for negligence and violation of civil rights in federal court, and he added Paragon Systems, Inc. (Paragon) as a defendant in an amended pleading, in place of the fictitiously named "DOE Security Company" in the original complaint. The federal court dismissed his civil rights claim with prejudice, and dismissed his negligence claim without prejudice so he could file the negligence claim in state court. After plaintiff filed this lawsuit in state court, Paragon demurred, contending this action was barred by the statute of limitations because the relation-back doctrine did not apply. The trial court sustained Paragon's demurrer without leave to amend. We reverse and remand with directions.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 2017, plaintiff sued the Social Security Administration in federal court for negligence and violation of civil rights under title 42 United States Code section 1983. Plaintiff alleged that on December 11, 2015, he was injured when an employee or agent of the Social Security Administration forcibly removed him from its offices without just cause. Plaintiff also sued unnamed Doe defendants. The caption of his complaint named as defendants, in addition to the Social Security Administration, "DOE Security Company," "Doe Security Guard," and "Does 1-10." The complaint alleged that "DOE Security Company was at all times herein relevant a private company contractor of the Social Security Administration, form of entity is unknown." Plaintiff named Doe Security Company as a defendant in the heading for each claim and, in each claim, alleged Doe Security Company intentionally or negligently injured him and violated his civil rights.

Plaintiff filed a first amended complaint on January 3, 2018, substituting Paragon for the previously named "DOE Security Company." The first amended complaint was otherwise nearly identical to the original complaint.

On March 19, 2018, Paragon moved to dismiss the first amended complaint, arguing that a civil rights claim cannot be stated against a federal contractor, and that the state negligence claim was barred by the two-year statute of limitations applicable to negligence claims under California law.

On April 26, 2018, the federal court issued a minute order, proposing to grant the dismissal motion in part, to dismiss plaintiff's civil rights claim, and asking plaintiff to make an offer of proof addressing whether the federal court should exercise supplemental jurisdiction over plaintiff's state law negligence claim. Concerning the civil rights claim, the court noted that plaintiff's opposition to the dismissal motion requested leave to state additional federal claims against Paragon. The court concluded " 'an opposition brief is not the appropriate vehicle for seeking leave to amend a complaint to add claims beyond those challenged in the motion to dismiss. [Citations.] The Court denies Plaintiff[']s request to add new claims.' " (We note that no party requested that the trial court take judicial notice of plaintiff's opposition to the dismissal motion.)

On May 3, 2018, the federal court dismissed plaintiff's civil rights claim against Paragon with prejudice. The court declined to exercise supplemental jurisdiction over the negligence claim and dismissed it pursuant to title 28 United States Code section 1367(d) (which tolls the limitations period to file dismissed claims in state court for an additional 30 days) without deciding the merits of Paragon's statute of limitations argument.

3

On May 16, 2018, plaintiff filed this action against Paragon, stating causes of action for negligence and intentional tort. On June 15, 2018, before any responsive pleading was filed, plaintiff filed a first amended complaint, alleging that on December 11, 2015, while plaintiff attended an appointment at the Social Security Administration, he was assaulted, battered and suffered the use of excessive force upon him by a security guard employed by Paragon.

Paragon demurred, arguing that both causes of action were time-barred by California's two-year statute of limitations applicable to tort claims. Paragon argued it was not named as a defendant in the federal case until January 2018, after the two-year statute of limitations had run. Paragon also argued that the intentional tort cause of action was time-barred because it was not alleged in the federal complaint, and plaintiff did not seek leave of the federal court to add an intentional tort claim.

In opposition, plaintiff argued that his negligence cause of action related back to the original filing of the federal complaint pursuant to California Code of Civil Procedure section 474, as Paragon was substituted for a fictitiously named defendant in the original complaint. The original federal complaint was filed on December 8, 2017, within two years of the injury allegedly sustained on December 11, 2015. The opposition was silent about the intentional tort cause of action.

The trial court sustained the demurrer without leave to amend, mistakenly finding Paragon was added as a new defendant in the amended federal complaint filed on January 3, 2018, shortly after the limitations period expired, and was not substituted for a fictitiously named defendant. The trial court also sustained the demurrer to the intentional tort cause of action

4

because plaintiff had not opposed the demurrer to that cause of action. The court later entered a judgment of dismissal, and this timely appeal followed.

## DISCUSSION

Our review of the sustaining of a demurrer without leave to amend is de novo. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

**1.     Forfeiture and Adequacy of the Record**

Paragon contends plaintiff forfeited any claim of error as to the intentional tort cause of action by failing to address it in his opposition to the demurrer. We think not. On appeal, a plaintiff may argue the trial court abused its discretion in sustaining a demurrer without leave to amend, even though plaintiff did not request leave to amend in the trial court. (Code Civ. Proc., § 472a, subd. (a).) Since a plaintiff who fails to request leave to amend does not forfeit the contention the trial court abused its discretion, neither does a plaintiff who fails to oppose the demurrer forfeit the contention. An appellate court may consider new theories on appeal that present a pure question of law. (*B & P Dev. Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959 ["An appellate court may also consider new theories on appeal from the sustaining of a demurrer to challenge or justify the ruling. . . . A demurrer is directed to the face of a complaint . . . and it raises only questions of law. . . . Thus an appellant challenging the sustaining of a general demurrer may change his or her theory on appeal . . . , and an appellate court can affirm or reverse the ruling on new grounds. (Citations omitted.)"].)

Paragon also contends the appellate record is inadequate because it does not include plaintiff's opposition to Paragon's motion to dismiss, or Paragon's reply, filed in *federal court*.

5

These federal filings were not part of the record below. Therefore, there was no reason to include them in the record on appeal.

**2.    The Amendment Naming Paragon as a Defendant Relates Back to the Filing of the Original Federal Complaint.**

The parties agree that California's two-year statute of limitations applies to plaintiff's causes of action for negligence and intentional tort, and the claims would be timely if they relate back to the date of filing the original federal complaint.  (Code Civ. Proc., § 335.1 [two-year limitations period]; see also *Guaranty Trust Co. v. York* (1945) 326 U.S. 99, 100-101 [federal courts generally apply state statute of limitations].)  The parties also agree we must consider rule 15(c) of the Federal Rules of Civil Procedure in deciding whether the federal first amended complaint adding Paragon as a defendant relates back to the original complaint.  (See Fed. Rules Civ. Proc., rule 15(c), 28 U.S.C.)

**a.    Federal Rules of Civil Procedure, rule 15(c) (28 U.S.C.)**

As a general rule, an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint, and the statute of limitations is applied as of the date the amended complaint is filed.  (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 (*Woo*); see also *Miguel v. Country Funding Corp.* (9th Cir. 2002) 309 F.3d 1161, 1165.)  Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading to relate back to the time of the original filing in certain circumstances.

6

Under rule 15(c)(1)(A) of the Federal Rules of Civil Procedure an amendment to a pleading relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." (*Ibid.*) Rule 15(c)(1)(C) provides an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back if the claim arises out of the conduct, transaction, or occurrence set out in the original pleading (rule 15(c)(1)(B)), and "if within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:  [¶]  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and  [¶]  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Rule 15(c) of the Federal Rules of Civil Procedure was not intended to supplant state relation-back law.  "Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits.  Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided [by rule 15(c)], it should be available to save the claim."  (*Butler v. Nat'l Cmty. Renaissance of Cal.* (9th Cir. 2014) 766 F.3d 1191, 1200.)  "[I]f an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." (*Ibid.*) Therefore, the amendment adding Paragon as a defendant will relate back to the original complaint if the amendment was

7

authorized under either California law (as provided for in rule 15(c)(1)(A)) or rule 15(c)(1)(C). (*Butler*, at p. 1201.)[1]

## b. The Doe amendment was authorized by California Code of Civil Procedure section 474.

California Code of Civil Procedure section 474 provides that "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ." "[T]he amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." (*Woo, supra,* 75 Cal.App.4th at p. 176.)

Code of Civil Procedure section 474 applies if the plaintiff was "genuinely ignorant" of the defendant's identity at the time the original complaint was filed. (*Woo, supra,* 75 Cal.App.4th at p. 177.) "[U]nreasonable delay in filing an amended pleading after discovering a Doe defendant's identity may bar a plaintiff from using the fictitious name device. To preclude relation back

---

[1] Paragon argues that amendments to pleadings are matters of procedural law, and therefore, federal procedural rules govern rather than the state's law to determine whether an amendment relates back. (See, e.g., *Craig v. United States* (9th Cir. 1969) 413 F.2d 854.) Paragon's cited authorities predate the 1991 amendments to rule 15(c), which were intended to ensure that the more forgiving limitations law, whether that be state or federal law, would be applied, and expressly provide that a pleading relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." (See Fed. Rules Civ. Proc., rule 15(c)(1)(A); *Butler, supra,* 766 F.3d at pp. 1199-1201.)

8

on this basis, however, the opposing party must show the plaintiff was dilatory and that the defendant was prejudiced by the delay." (*Winding Creek v. McGlashan* (1996) 44 Cal.App.4th 933, 942 (*Winding Creek*).)

Here, the original federal complaint alleged that "DOE Security Company" was responsible for plaintiff's injuries, and that plaintiff was unaware of the identities of the fictitiously named defendants. In the first amended complaint, plaintiff substituted Paragon for the "DOE Security Company" allegations. The amendment was filed less than one month after the original complaint was filed, and before the complaint was ever served on any party. (See Fed. Rules Civ. Proc., rule 15(a)(1) [a party may amend its complaint once as a matter of right before a responsive pleading is filed].) Under Code of Civil Procedure section 474, the amended pleading is deemed filed as of the date the original complaint was filed.

Paragon contends the attempt to substitute it for a Doe defendant was "faulty" because plaintiff did *not* specifically allege in the amended complaint that Paragon was being substituted for one of the 10 Doe defendants, and *did* allege that plaintiff was unaware of the identities of "DOES 1 through 10." This peculiar argument ignores that plaintiff did not substitute Paragon for one of the 10 Doe defendants; plaintiff substituted Paragon for "DOE Security Company." The amended complaint substituted Paragon in the caption, the claim headings, and the substantive allegations for "DOE Security Company."

Paragon also contends plaintiff cannot avail himself of the Doe amendment procedure because he did not adequately investigate Paragon's identity before filing the complaint. Code of Civil Procedure section 474 requires a plaintiff to allege he was

9

ignorant of the identity of a Doe defendant and does not require a plaintiff to recite the facts of its investigation to discover the true identity of a fictitiously named Doe defendant. The adequacy of plaintiff's investigation is a factual question wholly beyond the scope of a demurrer. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

Lastly, Paragon argues it was prejudiced by the delay without explaining how it was prejudiced. It is hard to imagine how a delay of less than a month, before the original complaint had even been served, could prejudice Paragon.[2]

Because we have decided the amendment relates back under Code of Civil Procedure section 474, we need not decide whether it also relates back under Federal Rules of Civil Procedure, rule 15(c)(1)(C). (See *Lindley v. Gen. Elec. Co.* (9th Cir. 1986) 780 F.2d 797, 799 [applying § 474 instead of rule 15(c)(1)(C) to Doe amendments].)

### 3. The Intentional Tort Claim Relates Back to the Filing of the Original Federal Complaint.

A cause of action first asserted in state court may properly be deemed to relate back to claims earlier made in federal court if they arise from the same facts. (See, e.g., *Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 266.)

An amended complaint relates back to the original complaint if it rests on the same general set of facts as the original complaint and refers to the same accident and injuries as

---

[2] Paragon argues that plaintiff has waived any right to contest the existence of prejudice by failing to raise the issue in his opening brief. The argument has no merit. It is not plaintiff's burden to disprove prejudice, but Paragon's burden to establish it. (*Winding Creek*, *supra*, 44 Cal.App.4th at p. 942.)

10

the original complaint. (*Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146, 151.) "In determining whether the amended complaint alleges facts that are sufficiently similar to those alleged in the original complaint, the critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading." (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277.)

Here, the intentional tort cause of action arises from the same December 11, 2015 incident at the Social Security Administration offices that was alleged in the federal complaint. The intentional tort cause of action is nearly identical to the claims stated in the federal case, that plaintiff was intentionally assaulted and battered by the use of excessive force.

Paragon contends plaintiff's intentional tort cause of action cannot relate back to the filing of the federal complaint because plaintiff never asked the federal court for leave to amend to add an intentional tort claim. Paragon argues the Federal Rules of Civil Procedure require a party to seek leave to amend a federal complaint after an adversary has responded. Paragon cites no authority to support or explain why Paragon believes that federal rule applies to this case in the California courts after dismissal of the federal case. The notion that plaintiff was required to seek leave to amend in the federal court makes no sense; the federal court declined to exercise supplemental jurisdiction over plaintiff's negligence claim, so it would have been pointless for plaintiff to ask the federal court for leave to add another state law claim.

At oral argument, Paragon contends that the federal court expressly denied plaintiff leave to amend to state any new claims

11

by its April 26, 2018 order. While it appears the court denied plaintiff leave to add any new *federal* claims, the order is silent about state law claims. And in any event, we cannot possibly evaluate the scope of this ruling without the benefit of plaintiff's opposition to the federal dismissal motion, which Paragon never provided to the lower court in support of its demurrer.

Paragon next contends plaintiff was required to seek leave of the state court to allege an intentional tort, again without citation to supporting authority. That would be tantamount to requiring plaintiff to obtain a prefiling order to assert an intentional tort in state court. The law imposes no such requirement.

Paragon also contends that including an intentional tort cause of action in this case violates the federal court's dismissal order, which stated plaintiff had 30 days in which to file his negligence claim in state court but did not authorize plaintiff to add an intentional tort claim. The federal court's dismissal order cited the tolling provision of title 28 United States Code section 1367(d), which provides that "[t]he period of limitations for any claim asserted under [the federal court's supplemental jurisdiction] shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The federal court's dismissal order expressly contemplated that plaintiff could sue in state court, and the federal court expressed no view about the causes of action plaintiff might allege in state court.

Lastly, defendant argues that title 28 United States Code section 1367(d) did not toll the statute of limitations for any cause of action other than the negligence cause of action. Section 1367 is not dispositive of the tolling issue, and therefore,

12

we are not persuaded that plaintiff's intentional tort claim is time-barred.  (*Mojica v. 4311 Wilshire, LLC* (2005) 131 Cal.App.4th 1069, 1073 [equitable tolling applies while plaintiff seeks remedies in another forum].)

## DISPOSITION

The judgment is reversed and remanded with directions that the trial court vacate its order sustaining the demurrer without leave to amend, and enter a new order overruling the demurrer.  Appellant may recover his costs on appeal.


GRIMES, Acting P. J.


WE CONCUR:



STRATTON, J.



WILEY, J.


13